# IN THE SUPERIOR COURT OF GUAM

FILE
2014 FEB 24 PM 2:35
CLERK OF COURT
BY

IN THE MATTER OF THE VERFIED )
APPLICATION OF: )
                                   )
NICOLE LYNN CASTRO, )
                                   )
             Petitioner, )
                                   )
TO ISSUE AN ALTERNATIVE WRIT )
OF MANDATE/WRIT OF REVIEW TO; )
                                   )
GOVERNMENT OF GUAM, through its )
GUAM ENVIRONMENTAL )
PROTECTION AGENCY, by its Director)
Mr. Eric Palacios, and the )
GOVERNMENT OF GUAM, )
DEPARTMENT OF PUBLIC WORKS, )
through its Building Permit & )
Inspection Administrator, Mr. Joseph D. )
Guevara, )
                                   )
             Respondent. )
                                   )

CASE NO. SP0168-13

## DECISION AND ORDER ON WRIT OF MANDATE

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on December 23, 2013 on Petitioner's Petition for Writ of Mandate. Attorney Curtis Van de veld represented Petitioner Nicole Lynn Castro. Respondents were represented by Assistant Attorney General R. Happy Rons. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On November 26, 2013, Petitioner Nicole Lynn Castro filed her petition for writ of mandate. In it, she alleges that the Government of Guam, through the Guam Environmental Protection Agency and the Department of Public Works, has

refused to issue a Clearing and Grading Permit for certain real property located in Yigo, Guam.[1]

On December 6, 2013, the Office of the Attorney General objected to the issuance of a writ of mandate. The government argued against the issuance of the writ because Petitioner and the property are involved in a civil matter, CV0521-12. It is alleged that Defendants in that case fraudulently transferred the parcel to Castro in an effort to escape liability, as the parcel holds value in the boulders located thereon.

In anticipation of securing judgment against the Defendants in CV0521-12, and to protect the only significant asset of Defendants against waste in the sale of boulders, the government has filed: 1) a motion to join Nicole Lynn Castro; 2) a motion to seize property; 3) a motion to void the transfer of real property from Defendants to Castro; and 4) pleadings seeking injunctive relief. Part of the injunctive relief sought is to prohibit Castro from clearing, grading, altering in any way, selling or otherwise conveying those properties or assets thereon pending final judgment in CV0521-12.

On December 11, 2013, this Court issued an Alternative Writ of Mandate, commanding Respondent to come before the Court on December 23, 2013 and show cause as to why the permits have not been or should not be issued. After hearing the arguments presented and reviewing the pleadings, exhibits, and declarations in the record, the Court shall deny the petition for writ of mandate.

## DISCUSSION

A writ of mandate may be issued to compel the performance of an act which the law specially enjoins. See 7 G.C.A. § 31202. The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. "It is ordered where the respondent has a clear, present and ministerial duty to act, and the petitioner has a clear, present and beneficial right

---

[1] Though Petitioner was given title to several properties contemporaneously, only Tract 159 REM R-1 is the subject these writ proceedings.

to performance of that duty." Holmes v. Territorial Land Use Com'n, 1998 Guam 8 ¶ 11.

The writ may be either alternative or peremptory. The alternative writ must command the party to whom it is directed, immediately after the receipt of the writ, or at some other specified time, to do the act required to be performed or to show cause before the court at a specified time and place why he has not done so. The peremptory writ must be in a similar form, except that the words requiring the party to show cause why he has not done as commanded must be omitted and a return day inserted. 7 G.C.A. § 31204.

As discussed *supra*, the Court issued an alternative writ commanding Respondents to show cause as to why it has not issued the permits. After considering the arguments, declarations and exhibits, the Court declines to issue the writ commanding Respondents to issue the permits on the grounds that Petitioner has plain, speedy, and adequate remedy in the ordinary course of law.

Parties and the *res* are currently before another court in CV0521-12. The record before this Court indicates that parties are in litigation over several issues related to the parcel. In that case, Respondents have filed for injunctive relief related to the doctrine of waste, precisely the argument raised in opposition to the writ here. Moreover, a factual matter for that Court's consideration is whether the transfer of the property interest to Petitioner Castro was done fraudulently. Thus, the Court is not convinced Petitioner has met her burden in demonstrating she has a clear, present, and beneficial right to the issuance of the permits.

## CONCLUSION

Because Petitioner has a plain, speedy, and adequate remedy in the ordinary course of law, and because she fails to demonstrate a clear, present and beneficial right to Respondents' issuance of permits, the petition for writ of mandate is hereby **DENIED**. Respondents shall prepare a judgment consistent with this Decision and Order and Petitioner shall approve as to form.

//

//

Decision and Order
Case No. SP0168-13

It is **SO ORDERED** this 21st day of February, 2014.

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam


**ORIGINAL**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of:

AG-Civil Litigation

C. Van de Veld

Date: 2/24/14 Time: 2:50p

Deputy Clerk, Superior Court of Guam

ORIGINAL